UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LEE DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:13CV1844 HEA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Supplemental Security Income, (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

## **Facts and Background**

Plaintiff applied for SSI benefits under Title XVI on March 9, 2009. The application was denied at the initial determination level by the Social Security Administration on the grounds that Plaintiff was not under a disability as defined by the Act. Plaintiff filed a subsequent application for supplemental security income on April 29, 2011. This application was initially denied on July 13, 2011.

1

A hearing was held on August 15, 2012, and on September 28, 2012, the ALJ issued a final decision denying Plaintiff's claims.

Plaintiff was 53 years old at the time of this hearing. The ALJ found Plaintiff had the severe impairments of asthma or mild chronic obstructive pulmonary disease, sciatica and a lipoma of the back, hypertension, and gastroesophageal reflux disease controlled by medication. The ALJ found, however that Plaintiff did not suffer from an impairment or combination of impairments that met or equaled in severity the requirements of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

At the August 15, 2012 hearing, Plaintiff testified that he had completed eighth grade, and attended part of ninth grade. He testified he can read and write. Plaintiff testified that he was shot in his right leg in 2006, just below the knee, and that the bullet was still lodged in his leg. He said he has constant pain in that leg, that his knee swelled during cold or damp weather, and that every day he used a cane that a doctor had prescribed. He also testified that he had a sciatic nerve problem and a lipoma in the right side of his back that caused pain in the back and a constant ache in his right arm that prevented him from raising his arm above his shoulder. Plaintiff testified that he used prescription pain medicine and a Licoderm patch to treat his pain. He also took medication for acid reflux. Plaintiff admitted to using cocaine and heroin, but testified that he had not done so since 2008 or

2009.   Plaintiff testified he is always short of breath and used an asthma pump. He had trouble walking very far and had to take breaks.  He quit smoking when he was told he had asthma.  He becomes exhausted easily.

On September 28, 2012, the ALJ entered his decision and findings denying the claim for benefits. Plaintiff requested review by the appeals council and review was denied on August 14, 2013. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); McCoy, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); McCoy, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)

(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ Decision

The ALJ utilized the five-step analysis as required in these cases. Here the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since December 20, 2009, the alleged onset date. The ALJ found at Step Two that

Plaintiff has the severe impairment of asthma or mild chronic obstructive pulmonary disease, sciatica and a lipoma of the back, hypertension, and gastroesophageal reflux disease controlled by medication.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing as set out in Appendix 1, Subpart P, Regulations No. 4.

As required, prior to Step Four, the ALJ determined Plaintiff had the Residual Functional Capacity to perform the physical exertional and nonexertional requirements of the full range of light work except probably for lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally, or having concentrated or excessive exposure to dust, fumes, chemicals, temperature extremes, high humidity or dampness, and other typical allergens, pollutants, and atmospheric irritants, as defined in 20 CFR 416.945.

At Step Four it was the finding of the ALJ that Plaintiff had no relevant past work.

Finally Plaintiff was found to not be under a disability and therefore not entitled to any benefits.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

Plaintiff asserts the following as a basis to remand the decision of the ALJ. First, Plaintiff argues that the ALJ applied improper legal standards to determine Plaintiff's Residual Functional Capacity. Secondly, Plaintiff argues that the ALJ failed to obtain testimony from a Vocational Expert. As his third argument, Plaintiff argues that the ALJ failed to properly consider the issue of failure to follow prescribed treatment.

**The ALJ's RFC Finding is Supported by Substantial Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and

side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he

considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

In his decision the ALJ thoroughly discussed the objective medical evidence not supporting the severity of Plaintiff's symptoms, his impairments controlled by treatment and noncompliance with recommended treatment. *See Gray v. Apfel,* 192 F.3d 799, 803–04 (8th Cir.1999) (ALJ properly discredited claimant's subjective complaints of pain based on discrepancy between complaints and medical evidence, inconsistent statements, lack of pain medications, and extensive daily activities). The ALJ then addressed several inconsistencies in the record to support his conclusion that Claimant's complaints were not credible.

The ALJ recognized that Claimant had a poor work record. He also noted Plaintiff's failure to have a scheduled MRI performed. There was no medical evidence of sciatica, and nothing in the record supported Plaintiff's statement that he had been prescribed a cane by his doctor.

The ALJ noted that no treating or consultative physician in any treatment notes stated that Claimant was disabled or unable to work or imposed significant long-term physical and/or mental limitations on Claimant's capacity for work. *See Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir.2000) (significant that no examining physician submitted medical conclusion that claimant is disabled or unable to work); *Edwards v. Secretary of Health & Human Servs.,* 809 F.2d 506, 508 (8th Cir.1987) (examining physician's failure to find disability a factor in discrediting subjective complaints). The lack of objective medical basis to support Claimant's subjective descriptions is an important factor the ALJ should consider when evaluating those complaints. *See Stephens v. Shalala,* 50 F.3d 538, 541 (8th Cir.1995)(lack of objective findings to support pain is strong evidence of lack of a severe impairment); *Barrett v. Shalala,* 38 F.3d 1019, 1022 (8th Cir.1994)(the ALJ was entitled to find that the absence of an objective medical basis to support claimant's subjective complaints was an important factor in evaluating the credibility of her testimony and of her complaints). In particular, the ALJ noted that there was no medical diagnosis of asthma or COPD prior to February, 2009. Additionally, in May 2009, Plaintiff's mild obstructive ventilator defect was significantly and substantially improved with albuterol. See *Brown v. Astrue,* 611 F.3d 941, 955 (8th Cir. 2010). Likewise, chest x-rays showed Plaintiff's lungs were clear in December 2009, March 2010 and December 2010. X-rays of Plaintiff's

lumbosacral spine were normal in July 2011. Plaintiff was noted to not use a cane in July 2011.

Further, the record shows that there was a significant gap in Plaintiff's receiving medical treatment. In this regard, the record reflects that Plaintiff had not seen a doctor in 20 years and, although Plaintiff had numerous emergency room visits, the record did not support Plaintiff's claims of the frequency of those visits. *Edwards v. Barnhart,* 314 F.3d 964, 968 (8th Cir.2003) (claimant's failure to pursue regular medical treatment detracted from credibility); *see Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir.1997). Such gaps suggest that Plaintiff's subjective complaints of disabling pain are not entirely credible. The failure to seek medical treatment for such a long time tends to indicate tolerable pain." *Bentley v. Shalala,* 52 F.3d 784, 786 (8th Cir.1995); *see Kelley v. Barnhart,* 372 F.3d 958, 961 (8th Cir.1994) (holding that infrequent treatment is a basis for discounting subjective complaints).

If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *See Collins ex. rel. Williams v. Barnhart*, 335 F.3d 726, 729-30 (8th Cir. 2008); 20 C.F.R. § 404.1529(c)(3)(iv)-(v). The ALJ considered Plaintiff's testimony that his medications helped resolve his symptoms.

The ALJ's conclusion that Plaintiff was not disabled was not based solely on the fact that none of Plaintiff's doctors determined he was disabled. Rather, the

ALJ based his opinion on all the evidence presented in the record as a whole and concluded that Plaintiff's impairments did not rise to the level of a disability.

**Use of Vocational Expert Testimony**

Plaintiff argues the ALJ erred in not obtaining the testimony of a vocational expert. According to Plaintiff, once a significant non-exertional impairment has been shown to exist, the Secretary may not rely on the Medical-Vocational Guidelines or Grids and must have vocational expert testimony. As the Commissioner correctly argues, the finding of the ALJ that plaintiff should have no concentrated exposure to dust, fumes, chemicals, temperature extremes, high humidity or dampness, and other typical allergens, pollutants, and atmospheric irritants had little or no effect on the occupational base of medium work. See SSR 83-14. (Environmental restrictions, such as the need to avoid exposure to feathers, would also not significantly affect the potential unskilled light occupational base.")

**Failure to Follow Prescribed Treatment**

Plaintiff argues that in order to consider failure to follow prescribed treatment, there must first be a finding "disabled." Although an individual's inability to afford treatment may justify noncompliance, pursuant to SSR 82-59, the record before the ALJ did not support this basis for noncompliance. Plaintiff failed to complete forms for assistance, and the forms were prepared for him. Plaintiff's physician noted he was obtaining medication through a clinic patient

assistance program. Plaintiff was instructed on the proper medication regimen and was instructed on how to use his inhalers. At times, Plaintiff took the medication in the proper way. The record as a whole establishes that Plaintiff cannot rely on the inability to pay for his medication and his lack of understanding with regard to administration of the medication.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 15th day of August, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE